**MURDOCK ACCEPTANCE CORPORATION, Appellant,**

**v.**

**UNITED STATES of America, Appellee.**

**No. 15158.**

United States Court of Appeals, Fifth Circuit.

Feb. 21, 1955.

Rehearing Denied March 17, 1955.

A. R. Cristovich, Sr., A. R. Cristovich, Jr., New Orleans, La., Elizabeth

**280**

Watkins Grayson, Jackson, Miss., for appellant.

Prim B. Smith, Jr., Asst. U. S. Atty., New Orleans, La., for appellee.

Before HOLMES, RIVES and TUTTLE, Circuit Judges.

PER CURIAM.

The petition for rehearing in the above styled and numbered cause is hereby

Denied.

TUTTLE, Circuit Judge (dissenting).

Upon further reflection, and having examined the petition for rehearing in this cause, I must respectfully dissent. I think the minimum statutory requirements for remission were met by the petitioner. The contrary view of the court seems to me based upon a confusion between "record or reputation among state officers" with "record or reputation for violating state laws." In my considered view, even though the Alcohol Tax Unit's answer did disclaim a *complete* knowledge of state and local arrests and knowledge of the purchaser's reputation among state and local officers (as any completely truthful reply by any enforcement agency would admit as a matter of practical necessity), that answer did *not* disclaim knowledge of the purchaser's record or reputation for violating state liquor laws, as we stated in our opinion.[1] On the contrary, it stated that the purchaser had no record or reputation as a liquor law violator in that office, and a fair construction of "liquor law violator" seems to me to be "violator of state or federal liquors laws." The ATU's answer indeed suggests that that office has a partial file of state arrests, and consequently knowledge of some reputation of state law violations. The government having conceded that all other conditions precedent to remission exist and that inquiry was properly made of an agency whose *unqualified* reply would have sufficed to fulfill the condition said to be lacking, the only question is whether the answer actually given, fairly construed, stated that the purchaser had no record or reputation for violating "laws of the United States or of any State relating to liquor" *in that office*.[2] This I think is reasonable construction of the reply here. The administrative and judicial practice appears to have recognized such a reply as sufficient in

1. The reply was as follows:

"No record. or reputation as a liquor law violator as of November 17, 1952. This office does not keep a complete file of State and local arrests or prosecutions, and has no knowledge of the subject's reputation among State and local officers.

"J. B.,
Investigator in Charge
Alcohol Tax Unit."

2. It is implied in the statute, I think, that the purchaser's record or reputation *in that headquarters or office* is alone sufficient, because the agencies to be inquired of are listed disjunctively as sheriff, chief of police, principal federal revenue officer, or other principal officer; and the claimant's duty to inquire in each locality involved ends if an agency replies that the purchaser has no record or reputation of federal or state liquor law violations. No such office could as a matter of practicality have a complete record of violations of liquor of the Federal Government and of every state, nor know the reputation for liquor law violations of each purchaser everywhere. The statute's provision of alternative places to inquire could only have the purpose of avoiding the placing on finance companies the practically impossible burden of ascertaining that the subject has *in fact* no record. and no reputation anywhere. The finance companies are not required to ascertain that fact. No single law enforcement agency could honestly state that to be a fact, even if it made its own inquiry of the other agencies listed in the statute, which it has no duty to do under the statute. Consequently, an acknowledgment by the agency that it does not know that to be a fact, is nothing more than any agency impliedly acknowledges when it replies "no record or reputation." The statutory plan is to make inquiry of one agency in each locality involved enough. It would be perverting that plan to require, as our decision impliedly requires, a multiple inquiry.

past cases.[3] The disappointment of the *bona fide* reliance of automobile finance companies on the prior recognition of the sufficiency of this customary form reply is a cogent reason to construe the statute in petitioner's favor here if possible. Bowles v. Seminole Rock & Sand Co., 325 U.S. 410, 65 S.Ct. 1215, 89 L.Ed. 1700. Another reason the remission provisions of this statute should be construed liberally is that it was enacted as a remedial statute. United States v. One 1936 Model Ford, 307 U.S. 219, 59 S.Ct. 861, 83 L.Ed. 1249. However, I do not view the question here as one of construction, for it seems to me that the statutory condition here was fulfilled according to the plain meaning of the words of the statute.

As for the trial judge's second *ratio decidendi*, that it was within his discretion to deny remission because petitioner was negligent in making the inquiry, even if he did comply with the letter of the statute, I found that ground also unacceptable. For courts to grant remission in some cases where this exact reply was received and to deny it in this case in the absence of bad faith, is not the proper exercise of discretion. If the statute does grant the district judge discretion, he is to exercise that discretion to deny remission only where there is some distinguishing fact which presents itself to the conscience of the court, as where the claimant has unclean hands or there is doubt as to his bona fides. No such contention is made here.

I cannot easily acquiesce in a construction of this remedial statute which carried to its logical conclusion, makes a person engaging in automotive financing do so at his peril, as he used to do under the former strict forfeiture statute. For no reply from a law enforcement agency that a person has no record or reputation as a liquor law violator can reasonably be taken to mean anything else than that this is so in the particular agency. A

reply in unconditional terms, then, does not really offer any greater assurance than the reply here does, that the purchaser is not a habitual bootlegger.

The decision herein not only makes defeasible the security interest for a great number of debts entered into in good faith and in reliance on this standard form reply, but it also leaves in doubt the extent of inquiry which would be held sufficient.

I respectfully dissent.

---

**3.** Petitioner cites several unreported cases from the Southern District of Mississippi, where it is engaged in business, as examples where this form reply was held to justify remission: United States v. 1950 Ford, No. 1498; United States v. 1947 Buick, No. 819; and United States v. 1950 Ford, No. 539.